UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| MALIKA POOLE, ) | Case No. 1:04CV1149 |
| ) | |
| Petitioner, ) | JUDGE LESLEY WELLS |
| ) | Magistrate Judge George J. Limbert |
| vs. ) | |
| ) | |
| PATRICIA ANDREWS, Warden, ) | REPORT AND RECOMMENDATION |
| ) | OF MAGISTRATE JUDGE |
| Respondent. ) | |

This matter is before the Court on a petition under 28 U.S.C. § 2254 for writ of habeas corpus filed by Malika Poole ("Petitioner"). For the following reasons, the undersigned recommends that this Court DISMISS the instant petition for writ of habeas corpus.

I. **FACTUAL AND PROCEDURAL BACKGROUND**

Patricia Andrews ("Respondent") is the Warden of the Ohio Reformatory for Women in Marysville, Ohio. As Warden, she maintains custody of Petitioner, inmate, #050-616, pursuant to a judgment entry issued by the Cuyahoga County Court of Common Pleas on Petitioner's convictions for possession of drugs and drug trafficking. ECF Dkt. #11, Exhibit 13.

To briefly summarize the relevant facts of the case *sub judice*, Petitioner was a passenger in a car that was stopped for speeding on Interstate 480 in Cuyahoga County by the North Olmsted Police Department. ECF Dkt. #11, Exhibit 17, at 2. Upon the routine traffic stop, it was discovered that the driver of the car, Curtis Bridges ("Bridges") had an outstanding warrant

for his arrest. *Id.* at 3. The officers removed Bridges, patted him down, and placed him in the back of the police cruiser. *Id.* The officers attempted to determine who owned the automobile, and were informed that it was a rental car. *Id.* However, Petitioner could not produce the rental papers, so the officers had the vehicle towed. *Id.* The officers conducted an inventory search of the vehicle prior to it being towed and discovered a large quantity of cocaine in the trunk. *Id.*

### A.  State Trial Court Proceedings

On May 17, 2001, Petitioner and Bridges were each indicted by a Cuyahoga County Grand Jury on one count of possession of drugs, in violation of Ohio Revised Code § 2925.11, and one count of preparation of drugs for sale (drug trafficking), in violation of Ohio Revised Code § 2925.03, each with a major drug offender specification attached. ECF Dkt. #11, Exhibit 1. Petitioner, through counsel, pleaded not guilty and the case was set for jury trial.[1]

On May 31, 2001, Petitioner filed a motion to suppress and for the return of property seized incident to her arrest. ECF Dkt. #1, Exhibit 2. On June 8, 2001, the State filed a notice of intention to use "other acts" evidence. ECF Dkt. #11, Exhibit 3. In response, Petitioner filed a motion in limine to suppress. ECF Dkt. #11, Exhibit 4. On June 20, 2001, the State filed a response to Petitioner's motions to suppress evidence. ECF Dkt. #11, Exhibit 5. On June 22, 2001, Petitioner filed a supplemental motion in limine. ECF Dkt. #11, Exhibit 6. An evidentiary hearing was held, and on June 27, 2001, Petitioner's motion to suppress was denied. ECF Dkt. #11, Exhibit 7. On June 29, 2001, the trial court granted Petitioner's motion in limine to prohibit the State from using "other acts" as evidence in trial. However, if the case went forward on the major drug specifications, the trial court advised that it would reconsider such evidence at the

---

[1] Co-Defendant Bridges eventually pled guilty to the indictment. ECF Dkt. #11, at 4.

time of the specifications hearing. ECF Dkt. #11, Exhibit 8.

On July 9, 2001, a jury trial commenced. Prior to voir dire, Petitioner filed a second motion in limine, which was granted in part and denied in part. ECF Dkt. #11, Exhibits 9 and 10; Tr. at 99-527. At the conclusion of the State's case, Petitioner moved for acquittal pursuant to Rule 29 of the Ohio Rules of Criminal Procedure, which the trial court denied on the record. Tr. at 997-1013; ECF Dkt. #11, Exhibit 11. Similarly, after Petitioner presented her case in defense, she renewed her motion for acquittal pursuant to Rule 29 of the Ohio Rules of Criminal Procedure, which the trial court also denied on the record. Tr. at 1083-84; ECF Dkt. #11, Exhibit 11. On July 12, 2001, the jury returned a verdict of guilty on both counts of the indictment. ECF Dkt. #11, Exhibit 12.

On July 26, 2001, Petitioner filed a motion for judgment of acquittal or in the alternative, a motion for a new trial. ECF Dkt. #11, Exhibit 12. Pursuant to a sentence and forfeiture hearing held on August 20, 2001, Petitioner's motion for acquittal was denied. *Id.* Petitioner was ruled a major drug offender; however, for the purposes of sentencing, the specifications in counts one and two were merged. *Id.* Petitioner was sentenced to a ten-year term of imprisonment on each count, to be served concurrently. *Id.* Additionally, Ms. Poole was sentenced to a four-year term of imprisonment on the major drug specification to run prior to and consecutive to counts one and two, for a total sentence of fourteen years. *Id.* The sentencing entry was filed on August 27, 2001. ECF Dkt. #11, Exhibit 13.

### B. Direct Appeal

Petitioner, through counsel, timely appealed her conviction to the Ohio Court of Appeals for Eighth District ("Ohio Appellate Court") and raised the following assignments of error:

1. The trial court erred when it denied the Defendant's motion to suppress evidence and for the return of illegally seized property.

   A) Given the fact that the police officer testified that the 2001 Cadillac was driving in the middle lane by itself, during morning traffic, certainly a determination by that officer that the driver was speeding was truly unbelievable under the circumstances, and the Court should have so found as well.

   B) Although the Appellant (who was sitting as a passenger in the rental car) had a valid Illinois driver's license, and was under no suspicion of criminal activity, the North Olmsted Police Department ordered her out of the car and detained her by placing her in the police car.

   C) Although the police learned that there was an outstanding warrant for the driver which necessitated an arrest, the inventory search and subsequent impoundment of the vehicle was unnecessary since the Appellant passenger could have taken the vehicle.

2. The trial court erred when it allowed in over defense objections various airline tickets, speeding tickets, bills and receipts, which were unduly prejudicial to the defense.

3. The trial court erred when it permitted Detective Yost to testify about suspected drug activities truly unrelated to the criminal charges.

4. The trial court erred when it denied the Appellant's Rule 29 motion for judgment of acquittal on the charges on the indictment.

5. The trial court erred when it allowed the Prosecutor to inquire about prior acts of a defense witness with the sole purpose and design to prejudice the Appellant's case.

6. The trial court erred when it denied the defense's motion for a mistrial when the prosecutor made improper arguments to the jury.

7. The trial court erred when it allowed the Prosecutor to make a community interest argument over the objections of the defense.

8. The trial court erred when it gave the Appellant a sentence in excess of the minimum sentence.

9. The trial court erred when it failed to give the defense's submission of a mere presence instruction to the jury.

10. The trial court erred when it denied the Appellant's motion to return monies illegally seized and granted the State's forfeiture motion.

ECF Dkt. #11, Exhibit 14. On June 17, 2002, the State filed a brief in response. ECF Dkt. #11, Exhibit 15. On July 8, 2002, Petitioner filed a reply brief. ECF Dkt. #11, Exhibit 16. In a journal entry and opinion filed on October 3, 2002, the Ohio Appellate Court affirmed the judgment and sentence of the trial court. ECF Dkt. #11, Exhibit 17. Thereafter, on October 15, 2002, Petitioner filed a motion for reconsideration, which the appellate court denied on November 6, 2002. ECF Dkt. #11, Exhibits 18 and 19.

Petitioner timely appealed to the Supreme Court of Ohio and presented ten propositions of law, which are as follows:

I. Due process was truly offended when the police illegally stopped, detained and searched the Appellant and her luggage.

    A. Given the fact that the police officer testified that the 2001 Cadillac was driving in the middle lane by itself, during morning traffic, certainly a determination by that officer that the driver was speeding was truly unbelievable under the circumstances, and the Court should have so found as well.

    B. Although the Appellant (who was sitting as a passenger in the rental car) had a valid Illinois driver's license, and was under no suspicion of criminal activity, the North Olmstead Police Department ordered her out of the car and detained her by placing her in the police car.

    C. Although the police learned that there was an outstanding warrant for the driver which necessitated an arrest, the inventory search and subsequent impoundment of the vehicle was unnecessary since the Appellant passenger could have taken the vehicle.

II. Due process is denied when the Court allowed in over defense objections various airline tickets, speeding tickets, bills and receipts, which were unduly prejudicial to the defense.

III. Due process is denied when the Court permitted Detective Yost to testify about suspected drug activities truly unrelated to the criminal charges.

IV. Due process is denied when the trial court denied the Appellant's Rule 29 motion for judgment of acquittal on the charges on the indictment.

V. Due process is denied when the Court allowed the Prosecutor to inquire about prior acts of a defense witness with the sole purpose and design to prejudice the Appellant's case.

VI. Due process was denied when the Prosecutor made improper arguments to the jury.

VII. Due process is denied when the Prosecutor made a community interest argument over the objections of the defense.

VIII. Due process is denied when the Court gave the Appellant a sentence in excess of the minimum sentence.

IX. Due process is denied when the Court failed to give the defense's submission of a "mere presence" instruction to the jury.

X. Due process was denied when the trial court denied the Appellant's motion to return monies illegally seized and granted the State's forfeiture motion.

ECF Dkt. #11, Exhibit 20. The State filed a memorandum in response to jurisdiction. ECF Dkt. #11, Exhibit 21. On March 19, 2003, the Supreme Court of Ohio dismissed the appeal because it did not involve any substantial constitutional question. ECF Dkt. #11, Exhibit 22.

Petitioner did not petition the United States Supreme Court for a writ of certiorari.

### C. Federal Habeas Corpus

On June 16, 2004, Petitioner, through counsel, filed a petition for writ of habeas corpus with this Court and asserted one ground for relief:

> **Ground One**: Petitioner was deprived of due process of law as there was insufficient evidence to support her convictions.
>
> **Supporting Facts:** Petitioner was in a car being driven from Chicago to Cleveland by her boyfriend, Curtis Bridges. Subsequent to a routine traffic stop, the vehicle was inventoried and impounded, and a large amount of cocaine was found in Mr. Bridges' luggage in the trunk of the vehicle. Nothing adduced at trial proved that Ms. Poole was aware of the cocaine in Mr. Bridges' luggage, let alone proved that she aided and abetted Mr. Bridges.

ECF Dkt. #1, Attachment, at 1-2. On August 23, 2004, Respondent filed her answer/return of writ. ECF Dkt. #11. Finally, on September 22, 2004, Petitioner filed a traverse to Respondent's return of writ. ECF Dkt. #31.

## II.  STANDARD OF REVIEW

Since Petitioner filed her habeas petition after April 24, 1996, the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2254(d), standards apply. *See Harpster v. Ohio*, 128 F.3d 322, 326 (6th Cir. 1997), *cert. denied*, 522 U.S. 1112 (1998).[2] Under AEDPA, federal courts can grant writs of habeas corpus only if the state court adjudication of the issue on the merits:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d) (emphasis added).

---

[2] The undersigned notes that there are several procedural barriers that a federal habeas petitioner must overcome before a reviewing court will consider the merits of a petition for writ of habeas corpus, including the statute of limitations and the doctrines of exhaustion and procedural default. *E.g., Daniels v. United States*, 532 U.S. 374, 381 (2001). However, in the case at bar, Respondent has conceded that Petitioner filed the instant matter within the applicable statute of limitations and that Petitioner has fully exhausted and preserved her claim for federal habeas review. Based on the representations of Respondent, the undersigned will not consider the procedural barriers to review, and instead focus solely on the merits of the instant habeas petition.

Under the "contrary to" clause, federal courts may only grant the petitioner's writ if the state court's decision contradicts Supreme Court precedent on a question of law or if, in a case with facts materially indistinguishable from a Supreme Court case previously decided, the state court reaches an outcome different from that required by the Supreme Court's decision. *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000). The "unreasonable application" clause permits a federal court to grant habeas relief only if the state court unreasonably applies a correct legal principle to the facts of the case. *Id.* at 411. The Supreme Court has cautioned that a "federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established law erroneously or incorrectly. Rather, that application must also be unreasonable." *Id.*

## III. ANALYSIS

In her sole ground for relief, Petitioner argues that her conviction was based upon insufficient evidence, and therefore violated her federal due process rights. ECF Dkt. #22, at 13. Petitioner was charged with possession of cocaine under Ohio Revised Code § 2925.11, which provides that "[n]o person shall knowingly obtain, possess, or use a controlled substance." OHIO REV. CODE § 2925.11(A). In addition, Petitioner was charged with drug trafficking under Ohio Revised Code § 2925.03, which provides, in pertinent part:

(A) No person shall knowingly do any of the following:

(1) Sell or offer to sell a controlled substance;

(2) Prepare for shipment, ship, transport, deliver, prepare for distribution, or distribute a controlled substance, when the offender knows or has reasonable cause to believe that the controlled substance is intended for sale or resale by the offender or another person.

-8-

OHIO REV. CODE § 2925.03(A). At trial, the State argued that Petitioner had constructive possession of cocaine and that she acted in complicity with Bridges in the drug trafficking charge.[3]

Petitioner argues that the State failed to prove either that she had constructive possession of the cocaine or that she acted in complicity with Bridges in trafficking the cocaine. Indeed, Petitioner asserts that there was no evidence presented at her trial that she was aware of the cocaine in the luggage in the trunk of the vehicle or that she aided or abetted Bridges in trafficking the drugs. Traverse, ECF Dkt. #14, at 2-3. In addition, Petitioner argues that simply because she was in the same car as Bridges does not mean that she aided and abetted him or had constructive possession of the cocaine. *Id.* She avers that her mere presence in the car does not establish that she knew either that the drugs were in the trunk or that she was helping Bridges traffic the drugs. Petitioner therefore argues that no rational trier of fact could have concluded that the State had established all of the elements of possession of cocaine or drug trafficking beyond a reasonable doubt. *Id.*

Petitioner presented her sufficiency of evidence claim to the Ohio Appellate Court as her Fourth Assignment of Error (ECF Dkt. #11, Exhibit 14, at 24), and to the Ohio Supreme Court as her Fourth Proposition of Law (ECF Dkt. #11, Exhibit 18, at 9). In both instances, Petitioner argued that the trial court improperly denied her motion for acquittal because there was not

---

[3] Ohio law expressly permits the State to charge an individual in terms of a principle offense or in terms of complicity to commit that offense. The penalty for complicity is the same as the principle offense. OHIO REV. CODE. § 2923.03(F).

sufficient evidence to sustain her convictions for possession of cocaine and drug trafficking.[4] *Id.* Both Ohio courts rejected this argument. ECF Dkt. #11, Exhibits 17, 22. The Ohio Appellate Court was the last state court to review the merits of this claim, and held as follows:

> In her fourth assignment of error, defendant argues that the evidence was insufficient to support her convictions for possession of drugs and preparation of drugs. We disagree.
>
> Crim.R. 29(A) provides that a trial court "shall order the entry of a judgment of acquittal of one or more offenses charged in the indictment, *** if the evidence is insufficient to sustain a conviction of such offense or offenses." To determine whether the evidence before a trial court was sufficient to sustain a conviction, an appellate court must view that evidence in a light most favorable to the prosecution. *State v. Dennis* (1997), 79 Ohio St. 3d 421, 430, 683 N.E.2d 1096.
>
> An appellate court's function when reviewing the sufficiency of the evidence to support a criminal conviction is to examine the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt. The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt. *State v. Thompkins* (1997), 78 Ohio St. 3d 380, 386, 678 N.E.2d 541.
>
> Here, defendant was charged with possession of cocaine and preparation of cocaine. The offense of possession is defined by R.C. 2925.11(A), which provides that "no person shall knowingly obtain, possess, or use a controlled substance." The offense of trafficking is defined by R.C. 2925.03, which provides that "no person shall knowingly sell or offer to sell a controlled substance." At trial, the State argued that defendant acted in complicity with Curtis Bridges in the drug trafficking charge and had constructive possession of the cocaine. R.C. 2923.03 prohibits complicity with others to commit crimes and provides as follows:
>
>> (A) No person, acting with the kind of culpability required for the commission of an offense, shall do any of the following:
>>
>> ***

---

[4] The undersigned notes in Ohio, the standard for judging a motion for acquittal pursuant to Rule 29 of the Ohio Rules of Criminal Procedure is the same as the standard for judging the sufficiency of the evidence under federal constitutional standards. *See Ohio v. Jenks*, 574 N.E.2d 492, 496 (1991).

>    (2)    Aid or abet another in committing the offense:
>
>    ***
>
>    (F)    Whoever violates this section is guilty of complicity in the commission of an offense, and shall be prosecuted and punished as if he were the principal offender. A charge of complicity may be stated in terms of this section, or in the terms of the principal offense.
>
> When viewed in the light most favorable to the State, the record contains sufficient evidence that defendant aided and abetted Curtis Bridges in the trafficking of drugs and had constructive possession of the drugs and the trial court properly denied her motion for judgment of acquittal.
>
> A person aids and abets another when she supports, assists, encourages, cooperates with, advises, or incites the principal in the commission of the crime, and shares the criminal intent of the principal. *State v. Johnson* (2001), 93 Ohio St. 3d 240, 245-246, 754 N.E.2d 796. Such intent may be inferred from the circumstances surrounding the crime. *Id.* Possession of an item can exist without physical contact so long as a person has dominion and control over it. Such dominion and control without physical custody has been termed "constructive," as opposed to actual, possession. *State v. Bradley* (1971), 26 Ohio App. 2d 229, 232, 55 Ohio Op. 2d 387, 270 N.E.2d 654.
>
> At trial, defendant admitted that she had driven the vehicle containing the ten kilos of cocaine. Speeding tickets, airline stubs and itineraries with defendant's name on them were found in her purse and showed numerous trips back and forth from Chicago to Cleveland for several months prior to her arrest. $3,500, which was separated into three $1,000 bundles and one $500 bundle, was also found in her purse wrapped in small black rubber bands, similar to the rubber bands found in her luggage in the trunk.
>
> When this evidence is viewed in the light most favorable to the State, a reasonable jury could find that defendant had constructive possession of the cocaine and did assist co-defendant, Curtis Bridges, in transporting the cocaine into the community. The jury could find that the defendant was not a "mere presence" as she asserts.
>
> After viewing this evidence in a light most favorable to the State, this Court concludes that any rational trier of fact could have found the essential elements of possession and trafficking proven beyond a reasonable doubt. Defendant's arguments to the contrary must fail and the trial court properly denied her motion for judgment of acquittal.

ECF Dkt. #11, Exhibit 17, at 11-14. Since the Ohio Appellate Court was the last court to consider the merits of this claim, the relevant inquiry this Court must undertake is whether this

decision was "contrary to" or involved an "unreasonable application" of clearly established federal law.[5]

Petitioner's sufficiency of evidence claim is governed by clearly established federal law as it was defined by the United States Supreme Court in *Jackson v. Virginia*, 443 U.S. 307 (1979). When a state prisoner challenges the sufficiency of evidence, a federal habeas corpus court must consider whether there was sufficient evidence introduced at trial to allow a rational trier of fact to find guilt beyond a reasonable doubt. *Id.* at 319. To determine whether the evidence was sufficient to support a conviction as a matter of due process, this Court must consider the evidence in the light most favorable to the prosecution. *Id.* The prosecution is not affirmatively required to "rule out every hypothesis except that of guilt." *Id.* at 326; *see also United States v. Beddow*, 957 F.2d 1330, 1334 (6th Cir. 1992). A reviewing court "faced with a record of historical facts that supports conflicting inferences must presume -- even if it does not affirmatively appear in the record -- that the trier of fact resolved any such conflicts in favor of the prosecution, and must defer to that resolution." *Id.*; *see also Jamison v. Collins*, 100 F. Supp. 2d 647, 705 (S.D. Ohio 2000)("A conviction may rest on circumstantial evidence, and a federal habeas corpus court need not rule out all possible interpretations of the circumstantial evidence."), *aff'd*, 291 F.3d 380 (6th Cir. 2002). A federal habeas court does not substitute its opinion as to the weight of the evidence or the credibility of witnesses. *See United States v. Jackson*, 55 F.3d 1219, 1225 (6th Cir.), *cert. denied*, 516 U.S. 926 (1995); *Neal v. Morris*, 972

---

[5] In the case at bar, Petitioner does not argue that the decision of the Ohio Court of Appeals was contrary to clearly established federal law. ECF Dkt. #14, at 6. In fact, Petitioner notes that although the Ohio Appellate Court did not directly rely on *Jackson v. Virginia*, the court did set forth the federal standard for sufficiency of evidence claims. As such, the undersigned will not address the contrary to clause of Section 2254.

F.2d 675, 679 (6th Cir. 1992). "The trier of fact at the state court level alone bears the responsibility to choose which testimony or evidence to believe." *Jamison*, 100 F. Supp. 2d at 705. A sufficiency of evidence review, for purposes of federal habeas relief, does not focus on whether the trier of fact made the correct guilt or innocence determination, but rather on whether it made a rational decision to convict or acquit. *Herrera v. Collins*, 506 U.S. 390, 402 (1993) (clarifying *Jackson*, 443 U.S. 307).

Under clearly established Federal law, Petitioner's sufficiency of evidence claim must fail. The Ohio Appellate Court noted that at trial, the State argued that defendant had constructive possession of the cocaine and that she acted in complicity with Bridges on the drug trafficking charge. ECF Dkt. #11, Exhibit 17, at 12. With this in mind, the Ohio Appellate Court set forth the standards under Ohio law for constructive possession and complicity. Then, the Ohio Appellate Court noted that Petitioner admitted at trial that she had driven the vehicle containing the cocaine, and also that she possessed speeding tickets, airline stubs and itineraries that showed several trips between Chicago and Cleveland in the months prior to her arrest, and that she had a large quantity of cash in her purse that was bound in $1000 and $500 increments that was wrapped in small black rubber bands, which were similar to the rubber bands found in her luggage in the trunk. *Id.* at 14. The Ohio Appellate Court concluded that after viewing this evidence in a light most favorable to the prosecution, a rational trier of fact could have found the essential elements of possession of cocaine and trafficking in cocaine beyond a reasonable doubt. *Id.* Thus, the Ohio Appellate Court determined that there was sufficient evidence to sustain her convictions. *Id.*

Now, Petitioner claims that the Ohio Appellate Court unreasonably applied *Jackson v. Virginia* when it determined that there was sufficient evidence to support the convictions for possession of cocaine and trafficking in cocaine. However, the undersigned notes that an unreasonable application of federal law is different from an incorrect or erroneous application of federal law. A federal habeas court may not issue the writ simply because it concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. *Williams*, 529 U.S. at 405-06.

In light of the foregoing, Petitioner has failed to convince this Court that the decision of the Ohio Court of Appeals rejecting her sufficiency of the evidence claim was objectively unreasonable so as to constitute an unreasonable application of federal law. The State offered evidence that, when construed in a light most favorable to the prosecution, would permit a rational trier of fact to find that Petitioner possessed cocaine and trafficked in cocaine. Consequently, Petitioner is not entitled to federal habeas relief on this claim.

For the foregoing reasons, the Court finds that Petitioner's sole ground for relief is without merit. Accordingly, the undersigned recommends that the Court overrule Petitioner's sole ground for relief and dismiss the instant petition for writ of habeas corpus with prejudice. ECF Dkt. #1.

## IV. CONCLUSION AND RECOMMENDATION

For the foregoing reasons, the undersigned concluded that Petitioner's sole ground for relief is not well taken. Consequently, the undersigned recommends that the Court DISMISS the instant petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254 with prejudice.

Date:    November 22, 2004            /s/*George J. Limbert*
                                      George J. Limbert
                                      United States Magistrate Judge

ANY OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within ten (10) days of service of this notice. Failure to file objections within the specified time WAIVES the right to appeal the Magistrate Judge's recommendation. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).