IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| MALIKA POOLE, | CASE NO. 1:04 CV 01149 |
| Petitioner, | MEMORANDUM AND ORDER ADOPTING REPORT AND |
| -vs- | RECOMMENDATION, DISMISSING THE HABEAS PETITION AND DENYING A CERTIFICATE OF |
| PATRICIA ANDREWS, Warden, | APPEALABILITY |
| Respondent. | |

UNITED STATES DISTRICT JUDGE LESLEY WELLS

　　Before this Court is Malika Poole's ("Ms. Poole" or "Petitioner") Petition for a Writ of Habeas Corpus, filed pursuant to 28 U.S.C. § 2254 on 16 June 2004.  (Doc. 1). Therein, the Petitioner asserted that she was deprived of the due process of law because there was insufficient evidence to support her Cuyahoga County Court of Common Pleas convictions for possession of drugs and drug trafficking.  This case was automatically referred to United States Magistrate Judge George J. Limbert for a Report and Recommendation ("R&R").  (Doc. 15).  In his R&R, Magistrate Judge Limbert recommended Ms. Poole's insufficiency of evidence claim be dismissed with prejudice. Ms. Poole filed a timely objection to the R&R, reasserting her insufficiency of evidence claim. (Doc. 16).

1

For the reasons discussed below, this Court will adopt Judge Limbert's R&R and dismiss Ms. Poole's petition without further proceedings.

**I. Background**

On 11 May 2001, the North Olmsted, OH, police pulled over for speeding the Cadillac in which Ms. Poole rode as a passenger. (Doc. 11, Ex. 17, p.2).  Ms. Poole, and her boyfriend, Curtis Bridges ("Mr. Bridges"), claimed they were traveling from Chicago to Cleveland in the rental Cadillac.  The police subsequently discovered the driver of the car, Mr. Bridges, had an outstanding warrant for his arrest and that his driving privileges were suspended.  Id. at 3.  The police also found that Ms. Poole's temporary Ohio's driver permit had expired.  The police removed Mr. Bridges from the car and placed him in the back of their cruiser.  Since Ms. Poole could not produce the rental papers, the officers decided to have the vehicle towed. Pursuant to North Olmsted police department policy and prior to the vehicle's removal, the officers conducted an inventory search of the vehicle's trunk.  The officers subsequently discovered ten kilos of cocaine with an estimated street value of over $1,000,000.  Id. at 22.  The officers arrested both Mr. Bridges and Ms. Poole.

On 17 May 2001, a Cuyahoga County Grand Jury indicted Ms. Poole for possession of cocaine in an amount exceeding 1,000 grams, in violation of Ohio Revised Code ("O.R.C.") § 2925.11, and trafficking in cocaine in an amount exceeding 1,000 grams, in violation of O.R.C. § 2925.03.  Each violation is a felony of the first degree with a mandatory term of incarceration of ten years.  Each violation further carried with it a "major drug offender's specification," pursuant to O.R.C. 2925.11

(C)(4)(f) and O.R.C. 2929.14 (D)(3)(b), which authorized the sentencing judge to add one to ten years on the underlying mandatory term, to run consecutively . Id. at 4.

Ms. Poole, through counsel, pleaded not guilty to all charges and the case subsequently went to trial on 9 July 2001. (R&R, p. 3). As her primary defense, the Petitioner claimed that she was a "mere presence" to the crimes committed by Mr. Bridges and had no direct knowledge of the cocaine in the trunk. Id. at 9. On 12 July 2001, the jury found Ms. Poole guilty on both counts. On 26 July 2001, the Petitioner filed a motion for an acquittal, or in the alternative, a motion for a new trial, which the Court denied on 20 August 2001. At sentencing, the Court imposed a ten year term for each count to run concurrently and an additional four year term to run consecutively on the major drug specification for a total of fourteen years. (R&R, p. 3).

Ms. Poole, through counsel, subsequently filed a timely appeal to the Ohio Court of Appeals for the Eighth District ("Ohio Appellate Court"). She raised ten assignments of error. See R&R at 4-5. On 3 October 2002, the Ohio Appellate Court affirmed the judgment and sentence of the trial court. (Doc. 11, Ex. 17). Ms. Poole then filed a timely appeal to the Supreme Court of Ohio and asserted ten propositions of law. See R&R at 5-6. On 19 March 2003, the Supreme Court of Ohio dismissed the Petitioner's claim as "not involving any substantial constitutional question." (Doc. 11, Ex. 22). Ms. Poole declined to petition the United State Supreme Court for a writ of certiorari. (R&R, p. 6).

On 16 June 2004, Ms. Poole, through counsel, filed a petition for a writ of habeas corpus with this Court and put forth one claim for relief:

3

> <u>Ground</u> <u>One</u>: Petitioner was deprived of due process of law as there was insufficient evidence to support her convictions.
>
> <u>Supporting</u> <u>facts</u>: Petitioner was in a car being driven from Chicago to Cleveland by her boyfriend, Curtis Bridges. Subsequent to a routine traffic stop, the vehicle was inventoried and impounded, and a large amount of cocaine was found in Mr. Bridges' luggage in the trunk of the vehicle. Nothing adduced at trial proved that Ms. Poole was aware of the cocaine in Mr. Bridges' luggage, let alone proved that she aided and abetted M. Bridges.

(Doc. 1, Attachment, pp.1-2).  On 23 August 2004, the respondent, Patricia Andrews ("Respondent"), warden, filed her return of writ.  On 22 September 2004, the Petitioner filed a traverse to respondent's return of writ.  On 22 November 2004, Magistrate Judge Limbert filed his R&R recommending the dismissal of Ms. Poole's insufficiency of evidence claim.  (Doc. 15). On 8 December 2004, the Petitioner then filed a timely objection to the R&R, re-asserting her insufficiency of evidence claim.  (Doc. 16).

**II. Standard of Review**

Ms. Poole filed her petition under 28 U.S.C. § 2254 which, in turn, binds this Court to the standard of review set forth in the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, § 104(d), 110 Stat. 1214, 1219 (codified at 28 U.S.C. § 2254(d)).  Section 2254 (d) only permits the granting of writs of habeas corpus for prisoners tried in state court in cases where the state trial "resulted in a decision that was <u>contrary to</u>, or an <u>unreasonable application</u> of, clearly established Federal law, as determined by the Supreme Court of the United States . . . ."  <u>Id.</u>  To determine what constitutes "clearly established Federal law,"  "lower courts are restricted to reviewing the law as established by the Supreme Court." <u>Ruimveld v. Birkett</u>, 404 F.3d 1006, 1010 (6th Cir. 2005) (citing <u>Williams v. Taylor</u>, 529 U.S. 362, 412 (2000).  The Court establishes such law in its holdings, as opposed to its dicta.  <u>Id.</u>  The

4

Supreme Court's "lack of an explicit statement" of a particular rule of law, however, "is not determinative" of clearly established law, since "the Court has made clear that its relevant precedents include not only bright-line rules but also the legal principles and standards flowing from precedent." Id. (quoting Taylor v. Withrow, 288 F.3d 846, 852 (6th Cir. 2002)).

State court decisions are "contrary to" clearly established Federal law "if the state court arrives at a conclusion opposite to that reached by [the Supreme Court] on a question of law," or "if the state court confronts facts that are materially indistinguishable from a relevant Supreme Court precedent" and reaches a different result. Williams, 529 U.S. at 405. State court decisions are an "unreasonable application of" clearly established Federal law "if the state court correctly identifies the correct governing legal rule from [the Supreme Court's] cases but unreasonably applies it to the facts of the particular state prisoner's case." Id. at 407. An "unreasonable application" may also transpire when "the state court either unreasonably extends a legal principle from [the Supreme Court's] precedent to a new context where it should not apply or unreasonably refuses to extend that principle to a new context where it should apply." Id. The "unreasonable" requirement posts a "high bar" as "a federal habeas court may not issue a writ under the unreasonable application clause simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established Federal law erroneously or incorrectly." Ruimveld, 404 F.3d at 1010 (quoting Bell v. Cone, 535 U.S. 685, 694 (2002)).

Moreover, AEDPA presumes the correctness of a state court's factual findings. See 28 U.S.C. § 2254(e)(1). A federal court's divergence from these findings is only

5

permissible if the Petitioner demonstrates through clear and convincing evidence that the state court's findings are erroneous.  Id.

The Federal Magistrates Act requires a district court to conduct a de novo review of only those portions of a Report and Recommendation to which the parties have made an objection.  28 U.S.C. § 636(b)(1).  Parties must file any objections to a Report and Recommendation within ten days of service. Fed. R. Civ. P. 72(b); See Thomas v. Arn, 474 U.S. 140, 145, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985); United States v. Walters, 638 F.2d 947 (6th Cir. 1981).  Following from Fed. R. Civ. Pro. 72 (b), "the district judge may accept, reject, or modify the recommended decision, receive further evidence, or recommit the matter to the magistrate judge with instructions."

**III. Law and Analysis**

As noted in the R&R, Ms. Poole does not claim that the Ohio Appellate Court made a decision "contrary to" clearly established federal law. (R&R at 12, n. 5). Instead, the Petitioner contends that her state court convictions constituted an "unreasonable application" of clearly established federal law because the evidence presented at trial was insufficient to convict her. Pursuant to 28 U.S.C. § 2254(e)(1), since Ms. Poole has not presented any clear and convincing evidence to the contrary, this Court presumes the correctness of the state trial court's factual findings.

The state trial court convicted Ms. Poole under O.R.C. § 2925.11 (A) which provides that no person may "knowingly obtain, possess, or use a controlled substance."  The trial court also convicted her of violating O.C.R § 2925.03 which proscribes a person from "knowingly" engaging in the following:

6

> Prepare for shipment, ship, transport, deliver, prepare for distribution, or distribute a controlled substance, when the offender knows or has reasonable cause to believe that the controlled substance is intended for sale or resale by the offender or another person.

O.C.R § 2925.03 (A) (2). At trial, the State maintained that Ms. Poole had "constructive possession" of the cocaine and had acted in complicity with Mr. Bridges to traffic in drugs. (R&R, p.9).

Ms. Poole claimed that the State presented no evidence she was aware of the cocaine in the trunk. She argued that she was a "mere presence" to Mr. Bridges's criminal activity. Id. As the Ohio Appellate Court observed, the State predicated its case on the following material facts:

> [The] defendant admitted that she had driven the vehicle containing the ten kilos of cocaine. Speeding tickets, airline stubs and itineraries with defendant's name on them were found in her purse and showed numerous trips back and forth from Chicago to Cleveland for several months prior to her arrest. $3,500, which was separated into three $1,000 bundles and one $500 bundle, which was also found in her purse wrapped in small rubber bands, similar to the rubber bands found in her luggage in the trunk.

(Doc. 11, Ex. 17, p.13). Ms. Poole asserted before both the Ohio Appellate Court and the Supreme Court of Ohio that such evidence was insufficient to convict her of the above violations charged against her. In its review, the Ohio Appellate Court rejected Ms. Poole's arguments and held that "after viewing [the above] evidence in a light most favorable to the State...any rational trier of fact could have found the essential elements of possession and trafficking proven beyond a reasonable doubt." Id. at 14.

Upon a de novo review of the record, the Court adopts the Magistrate Judge's R&R. In this instance, Ms. Poole's argument is not a "specific" objection; instead it is simply a general re-iteration of the objection Ms. Poole made in her original Petition for

a Writ of Habeas Corpus, (Doc. 1), an objection throughly analyzed and resolved in Magistrate Judge Limbert's R&R. (Doc. 15).

A mere reference to an argument previously raised is a disagreement with the Magistrate Judge's resolution, not an "objection" of the sort contemplated in this context, one which would provide the Court "with the opportunity to consider the specific contentions of the parties and to correct any errors immediately." Walters, 638 F.2d at 949-50. Because Ms. Poole has offered no additional argument not already addressed and rejected by the R&R, and because a de novo review of the record has yielded no "unreasonable application" of clearly established federal law, this Court will adopt Judge Limbert's R&R over Ms. Poole's objection. See also Brumley v.Wingard, 269 F.3d 629, 647 (6th Cir. 2001) (noting that the district court did not abuse its discretion when adopting an R&R when a party had failed to raise any new objections).

**IV. Certificate of Appealability**

Under 28 U.S.C. § 2253(c)(2), the Court must also determine whether a certificate of appealability should be granted. A certificate should issue if Ms. Poole has demonstrated a "substantial showing of a denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The Sixth Circuit has disapproved issuance of blanket denials of a certificate of appealability. Murphy v. Ohio, 263 F.3d 466, 467 (6th Cir.2001). Rather, this Court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted. Id. at 467. Each issue must be considered under the standards set forth by the Supreme Court in Slack v. McDaniel, 529 U.S. 473 (2000). Murphy, 263 F.3d at 467. Consequently, this Court has examined Ms. Poole's claims pursuant to the standard laid down in Slack.

Under Slack, 529 U.S. at 484, to warrant a grant of the certificate, "[t]he Petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong."  For the reasons stated above, the Court finds that reasonable jurists could not find that this Court's dismissal of Ms. Poole's claim was debatable or wrong.  Thus, the Court will deny Ms. Poole a certificate of appealability.

**V.  Conclusion**

After independently reviewing the relevant case law, the record, and the Petitioner's argument, this Court confirms Magistrate Judge Limbert's well-reasoned recommendation dismissing Ms. Poole's petition.  Respondent's Return of Writ is granted and Malika Poole's petition for a writ of habeas corpus is dismissed.  Further, the Court denies Ms. Poole a certificate of appealability.  This case is concluded.


IT IS SO ORDERED.


      /s/Lesley Wells
     UNITED STATES DISTRICT JUDGE